PHILIP J. KAPLAN (State Bar No. 135735)
philipkaplanlaw@gmail.com
**LAW OFFICES OF PHILIP J. KAPLAN**
Email: philipkaplanlaw@gmail.com
3278 Wilshire Boulevard, Suite 106
Los Angeles, California 90010
Telephone: (213) 820-2874

Attorney for Plaintiff
ANTON VU

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON VU, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF GARDEN GROVE; RYAN RODRIGUEZ, an individual; and DOES 1 through 5, inclusive,<br><br>  Defendants. | Case No. 8:25-cv-00624<br><br>**COMPLAINT FOR DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 (EXCESSIVE FORCE); INTERFERENCE WITH THE EXERCISE OF CIVIL RIGHTS IN VIOLATION OF THE BANE ACT (CIVIL CODE § 52.1); BATTERY; AND NEGLIGENCE; AND DECLARATORY/INJUNCTIVE RELIEF (CALIFORNIA PUBLIC RECORDS ACT)**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff Anton Vu (hereinafter sometimes "Plaintiff") hereby alleges as follows:

## PARTIES

1. Plaintiff alleges that Defendant City of Garden Grove (hereinafter sometimes "County") is a municipal entity providing, among other things, law enforcement through the Garden Grove Police Department.

2. Plaintiff is informed and believes and thereon alleges that Defendant Ryan Rodriguez (hereinafter sometimes "Officer Rodriguez") is, and at all relevant times was, an "employee" of the Garden Grove Police Department (hereinafter sometimes "Garden Grove P.D.") and City of Garden Grove in accordance with California Government Code Section 810.2 with the rank of "Officer", and a "person" acting under the color of law within the meaning of 42 U.S.C. Section 1983.

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 5, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's damages as alleged were proximately and legally caused by the Defendants' conduct. At all times material herein, each Defendant was the agent, servant, and employee of each of the remaining Defendants, and acting within the purpose, scope, and course of said Agency, service, and employment, with the express and/or implied knowledge, permission, and consent of the remaining Defendants, and each of them, and each of said Defendants ratified and approved the acts of Defendants.

## JURISDICTION/VENUE

4. Jurisdiction of this court is founded upon 42 U.S.C. Section 1983. This court has pendent jurisdiction over the California State law claims, pursuant to 28 U.S.C. Section 1367. Venue is proper pursuant to 28 U.S.C. Section 1400(a), because the defendants or their agents reside or may be found within this district and because defendants transact business, including the alleged tortious acts, within this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has exhausted his administrative remedies by timely filing a governmental tort claim in accordance with California Government Code Section 910 et seq. Notice of rejection was served by mail, dated October 16, 2024, by the City Clerk, City of Garden Grove. This action was timely filed in accordance with California Government Code Section 945.6.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6. On April 24, 2024, Plaintiff was operating his vehicle in the vicinity of the intersection of Euclid and Garden Grove Blvd., City of Garden Grove, California.

7. Defendant Officer Rodriguez was, on information and belief, on his motorcycle on patrol at the time and stopped Plaintiff.

8. When Officer Rodriguez approached Plaintiff's vehicle, Rodriguez alleged that Plaintiff was using his cellphone while driving. Plaintiff explained to Officer Rodriguez that he had *not* been using his phone while driving.

9. Despite Plaintiff's denial, Officer Rodriguez retrieved his electronic ticketing device from his motorcycle and returned to Plaintiff's vehicle. Rodriguez displayed a screen featuring only a signature line and instructed Plaintiff to sign it. When Plaintiff asked why he was required to sign, Rodriguez advised that Plaintiff was being ticketed for allegedly using his cellphone while driving. Plaintiff alleges that Rodriguez never explained that signing would not be deemed an admission to

an alleged violation of the Vehicle Code and/or any other law. Plaintiff refused to sign, asserting that the allegations were false.

10. Rodriguez then warned Plaintiff that his refusal to sign would result in arrest. Plaintiff, confused as to why he would be arrested, requested that a supervisor respond to the scene.

11. Officer Rodriguez went back to his motorcycle and then returned to the Plaintiff's vehicle, allegedly appearing upset. Rodriguez demanded that Plaintiff exit his vehicle, stating that Plaintiff needed to step outside because an arrest was imminent.

12. When Plaintiff questioned the basis for the arrest, Officer Rodriguez proceeded to open the driver's side door from the inside – reportedly due to difficulty opening it from the outside – grabbed Plaintiff's left arm. No explanation was provided for the arrest.

13. As this occurred, Plaintiff reached for his cellphone on the passenger front seat and began recording the incident.

14. Plaintiff exited the vehicle.

15. Once outside, Officer Rodriguez pinned Plaintiff against the vehicle, handcuffed Plaintiff's left wrist, and then forcefully threw Plaintiff to the ground (concrete or asphalt), causing him to strike his left shoulder, chest, chin, and knees. Based on information and belief, Officer Rodriguez then climbed on top of Plaintiff, placing one or more knees on his back and proceeded to cuff Plaintiff's right wrist.

16. Shortly thereafter, additional officers arrived in a patrol vehicle. Plaintiff was taken into custody, booked, and held at the City of Garden Grove Jail ("Jail").

17. Plaintiff alleges that, while in the Jail, he was mistreated. Specifically, Plaintiff contends that he was forcibly stripped down to his boxers, subjected to an intrusive frisk, and then confined in a cold concrete cell.

Moreover, Plaintiff alleges that he was denied the opportunity to make a telephone call multiple times, to inform his family of his whereabouts until 5 – 6 hours later, further exacerbating his distress and humiliation.

18. Plaintiff, who is of Vietnamese origin, further alleges that he was repeatedly asked if he was affiliated with any gang and if he had any tattoos, inquiries that Plaintiff found to be both invasive and irrelevant to the circumstances.

19. Plaintiff alleges, during his detention at the Jail, Officer Rodriguez escorted Plaintiff to a private room for an interrogation. In that setting, Officer Rodriguez informed Plaintiff that the conversation would be recorded, as he put his bodycam onto the table. Plaintiff acknowledged the recording and expressed that he welcomed its occurrence, hoping that it would accurately document the interrogation.

20. Plaintiff alleges that, during the interrogation, Officer Rodriguez continued to engage in verbal intimidation, stating the matter could be resolved if Plaintiff "just signed the ticket." However, Plaintiff maintained his refusal to sign.

21. Officer Rodriguez attempted to have Plaintiff sign the citation one last time, by handing Plaintiff the electronic ticket through the cell bars. Plaintiff, again, refused – angering Officer Rodriguez further.

22. Plaintiff was not released from the Jail until 7/8 hours later.

23. Plaintiff alleges that the above actions taken by Officer Rodriguez, after Plaintiff had been brought to the Jail, *viz.,* subjecting Plaintiff to a strip search, prolonged detention, denial of rights to notify family and an attorney, interrogation, and verbal intimidation were, all, actions that were excessive, vindictive, harassing, and unrelated to any legitimate penological interest.

24. On or about September 11, 2024, Plaintiff's counsel served a Public Records Request upon the City of Garden Grove Police Department. Among other things, Body Worn Video ("BWV") of the incident, names/addresses of persons

involved and/or witnesses, statements of parties/witnesses, CAD Reports, and all "incident reports" were requested. On or about October 13, 2024, the Garden Grove P.D. responded, in pertinent part, that an incident report had been prepared; however, the notification stated that the report was "not releasable under the California Government Code." Further, the Garden Grove P.D. advised that a "subpoena" would be required for its production. No particular California statute was cited. No information was given about whether BWV existed.

25. Among other injuries sustained by Plaintiff as a result of the above incident, Plaintiff alleges that he injured his left shoulder, neck, back, as well as suffering abrasions to his knees, pain and suffering, and emotional distress injuries in an amount according to proof.

# FIRST CAUSE OF ACTION FOR DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983

**(Against Defendant Ryan Rodriguez for Excessive Force – Fourth Amendment of United States Constitution)**

26. Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

27. Plaintiff alleges that he possessed the right, guaranteed by the Fourth Amendment of the United States Constitution, to be free from unreasonable seizures and excessive force. The Fourth Amendment, made applicable to the states by the Fourteenth Amendment, ensures the rights of individuals to be free from unreasonable searches and seizures. Plaintiff further alleges that Defendant Officer Rodriguez had knowledge, at all relevant times, of the above rights under the Constitution.

28. Plaintiff alleges that the use of force, including, without limitation, Officer Rodriguez's grabbing Plaintiff's left arm, pinning Plaintiff to the vehicle,

throwing Plaintiff down to a hard surface, jumping on top of Plaintiff with knee(s) to Plaintiff's back, was not justified under the circumstances and was excessive.

29. Plaintiff alleges that there was no threat or danger to public safety, including Plaintiff's own safety, justifying the extreme use of force employed by Officer Rodriguez — which force Rodriguez employed without any prior warnings and/or verbal commands. Plaintiff alleges that the conduct of Officer Rodriguez was either willful or was done with deliberate indifference to Plaintiff's rights; therefore, such conduct was not objectively reasonable, as more fully set forth below.

### *No Qualified Immunity*

30. At the time of the above use of force, the contours of the law concerning reasonable use of force in similar circumstances, including without limitation stops and/or detentions and situations where a suspect has been handcuffed and in police custody, were clearly established.

31. Plaintiff further alleges that, at the time of Defendant Officer Rodriguez's actions, which conduct was either willfully or done with deliberate indifference to Plaintiff's rights, such conduct was not objectively reasonable, and a reasonable official in those circumstances would understand that what he/she was doing violated the law. Specifically, under the circumstances of the instant case, Plaintiff alleges that a reasonable officer would have understood that there was no justification to grab a subject, pin him against a vehicle, and then throw him down to hard surface (face-down), while that subject was handcuffed (here, Plaintiff's left wrist). Plaintiff alleges that Officer Rodriguez gave no warnings that he would be using the quantum of force used.

32. As a direct and proximate result of Officer Rodriguez's conduct, as alleged above, Plaintiff has suffered and continues to suffer physical injuries and special and general damages, including without limitation physical and emotional

pain and suffering, mental anguish, and loss of enjoyment of life, in an amount according to proof.

33. Plaintiff is further informed, believes, and thereon alleges that the above-described acts of Officer Rodriguez, depriving Plaintiff of his constitutionally protected rights, privileges, and immunities, were done with evil motive or intent, or with reckless or callous indifference to Plaintiff's rights. Accordingly, Plaintiff seeks an award of punitive damages against Officer Rodriguez.

## SECOND CAUSE OF ACTION FOR INTERFERENCE WITH THE EXERCISE OF CIVIL RIGHTS IN VIOLATION OF THE BANE ACT [CALIFORNIA CIVIL CODE § 52.1]

**(Against Defendants Ryan Rodriguez and City of Garden Grove)**

34. Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

35. Under the Bane Act, it is unlawful for a person or persons, whether or not acting under color of law, to interfere by threat, intimidation, or coercion, or "attempt" to interfere by threat, intimidation, or coercion, with the exercise or enjoyment of one's rights secured by the Constitution or laws of the State.

36. Plaintiff alleges that Defendant Rodriguez and City of Garden Grove (hereinafter sometimes "City") violated his rights under the Bane Act when Rodriguez exerted excessive force, by grabbing him, pinning him against a vehicle, throwing him down to a hard surface, and then by jumping on top of Plaintiff, without warning that such force would be used and without justification, as more fully set forth herein.

37. Plaintiff alleges that Defendant Rodriguez applied excessive force with the specific intent of depriving Plaintiff of his right under the Fourth Amendment of the Constitution to be free of unlawful seizures.

LAW OFFICES OF
PHILIP J. KAPLAN

-7-

COMPLAINT
Case No. 8:25-cv-00624

38. Plaintiff alleges that Defendant Rodriguez further attempted to interfere, by threat, intimidation, and coercion, with Plaintiff's right under the Fourth Amendment (against unlawful seizure), when Rodriguez, Plaintiff alleges, falsely accused Plaintiff of resisting arrest and by creating the false narrative that his use of force was justified by Plaintiff's non-compliance.

39. Plaintiff alleges that, as a direct and proximate result of the above, he has sustained damages for physical injuries, pain and suffering, emotional distress, humiliation, embarrassment, and mental anguish, in an amount according to proof. Plaintiff further alleges that he is entitled to recover treble damages against Defendants, pursuant to California Civil Code Section 52.1(c).

40. Plaintiff further alleges that Defendant Rodriguez was guilty of malice and oppression as defined under California Civil Code Section 3294, and Plaintiff should recover, in addition to actual damages, punitive damages to make an example of and to punish Defendant Rodriguez.

## THIRD CAUSE OF ACTION FOR DAMAGES FOR BATTERY

**(Against Defendants Ryan Rodriguez and City of Garden Grove)**

41. Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

42. Plaintiff alleges that Rodriguez grabbed Plaintiff, threw him down, and jumped on top of him with intent to harm or offend.

43. Plaintiff alleges that he did not consent to the physical contact by Rodriguez.

44. Plaintiff was harmed by Rodriguez's physical contact, as more fully set forth above, which was the proximate cause of Plaintiff's injuries and damages herein.

45. A reasonable person in Plaintiff's position would have been offended by Rodriquez's nonconsensual physical contact.

46. Defendant City is liable for the above actions of its employee, Officer Rodriguez, pursuant to California Government Code Section 815.2(a).

47. Plaintiff further alleges that Defendant Rodriguez was guilty of malice and oppression as defined under California Civil Code Section 3294, and Plaintiff should recover, in addition to actual damages, punitive damages to make an example of and to punish Defendant Rodriguez.

## FOURTH CAUSE OF ACTION FOR DAMAGES FOR NEGLIGENCE

**(Against Defendants Ryan Rodriguez and City of Garden Grove)**

48. Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

49. Plaintiff alleges that Officer Rodriguez owed a duty to him and breached that duty.

50. Defendant Rodriguez was negligent by taking the actions described above.

51. Plaintiff was harmed as a result.

52. As a direct and proximate result of Rodriguez's negligence, Plaintiff suffered harm, as more fully described above.

53. Defendant City is liable for the above actions of its employee, Officer Rodriguez, pursuant to California Government Code Section 815.2(a).

## FIFTH CAUSE OF ACTION FOR INJUNCTIVE AND DECLARATORY RELIEF UNDER THE CALIFORNIA PUBLIC RECORDS ACTS

**[CAL. GOVT. CODE SECTION 7920.000]**

**(Against City of Garden Grove)**

54. Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

55. Plaintiff alleges that he is entitled to the records requested, as more fully set forth hereinabove, including without limitation any and all incident reports, statements, and any Body Worn Video, pursuant to the California Public Records Act, Govt. Code Sections 7921.000, *et seq.* (hereinafter sometimes the "CPRA").

56. Where an agency withholds records on the basis of a statute, "the agency . . . must disclose that fact." *Haynie v. Super. Ct.,* 26 Cal.4th 1061, 1072 (2001) (citing Section 7922) (previously Section 6255). The agency bears the burden of justifying nondisclosure.

57. In the instant case, Plaintiff alleges that the City of Garden Grove has failed to bear its burden, because, in its notification, City of Garden Grove pointed to *no* particular California statute justifying its decision not to produce *any* record requested by Plaintiff. Accordingly, Plaintiff alleges that City of Garden Grove has breached its statutory duty to disclose the above public records requested, entitling Plaintiff to declaratory and injunctive relief.

58. An actual controversy exists between the parties concerning whether Defendant City of Garden Grove engaged in conduct that violates the statutory requirements of the CPRA and the California Constitution. A judicial determination to resolve this actual controversy is necessary and appropriate as soon as possible.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For compensatory damages (both special and general damages) according to proof;

2. For treble damages, pursuant to California Civil Code Section 52.1(c);

3. For pain and suffering (past and future), as well as mental anguish damages according to proof;

4. For punitive damages against Defendant Ryan Rodriguez (excluding Defendant City);

5. For attorneys' fees pursuant to 42 U.S.C. Section 1988, California Civil Code Section 52.1(i), Cal. Govt. Code Section 7923.115, and any and all California statutes;

6. For a declaration that Defendant City of Garden Grove has a duty to produce any and all non-exempt records, including without limitation Body Worn Video and statements (including original records and any transcripts) related to the incident in suit and has failed to do so under the CPRA;

7. For a mandatory injunction requiring that City of Garden Grove produce any and all non-exempt records, including without limitation Body Worn Video and statements (including original records and any transcripts) related to the incident in suit;

8. For prejudgment interest;

9. For costs of suit incurred herein; and

10. For such other and further relief as this court may deem just and proper.

DATED: March 28, 2025

LAW OFFICES OF PHILIP J. KAPLAN

By */s/Philip J. Kaplan*
Philip J. Kaplan
Attorney for Plaintiff
ANTON VU

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial in this action pursuant to Federal Rules of Civil Procedure, Rules 38 and 81.

Dated: March 28, 2025        LAW OFFICES OF PHILIP J. KAPLAN

*/s/Philip J. Kaplan*
PHILIP J. KAPLAN
Attorney for Plaintiff
ANTON VU